IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:08CR3123 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | TENTATIVE FINDINGS REGARDING |
| | ) | THE PRESENTENCE INVESTIGATION |
| HECTOR REYES-MARTINEZ, | ) | REPORT |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Objections made by the defendant's counsel on behalf of the defendant are to those paragraphs relative to "the gun enhancement," and to lack of documentation pertaining to paragraph 73. The probation officer's response has been that witnesses Jesus Manual Rodriguez-Martinez, Matthew Steinke and Alfredo Morales have all provided information that the defendant was consistently in possession of a firearm during and in relation to his drug trafficking crimes; and that the court documents related to paragraphs 73 have been copied and provided to counsel.

     Objections made by the defendant himself are to paragraphs numbered 33, 34, 35, 36, 37, 38, 40, 42, 43, and 44. Additionally he objects to the "inhancement" [sic], saying "it was my understand [sic] by pleading guilty, I was olny [sic] going to recieve [sic] 10 yr, and reading this report it indacates [sic] I could recieve [sic] 235 to 293 months. This is not acceptable." To this the probation officer has responded that he is unable to respond further, other than to say "the guidelines have been properly calculated," because he has not sufficient specific information as to the nature of the objections.

     As to the objection to the gun enhancement the government will have the burden of proving by the greater weight of the evidence the justification for a gun enhancement.

     As to paragraphs 33, 34, 35, 36, 37, 38, 40, 42, and 43, each of which relates to the quantity of drugs and some of which also relate to the gun enhancement, the government shall carry the burden of showing the facts by the greater weight of the evidence to the extent that the government asks that I consider the evidence of quantity of drugs involved. It appears, however,

that I can and do–without relying upon those paragraphs–make tentative findings regarding quantity.  The Plea Agreement, filing 24, at paragraph 8 b says, "The parties agree that the Defendant should be held responsible beyond a reasonable doubt for 15 kilograms or more of methamphetamine and, therefore, pursuant to U.S.S.G. § 2D1.2, the Defendant's base offense level is 38."

Additionally, the Transcript of Change of Plea of September 15, 2008, shows that the defendant under oath acknowledged that his understanding of the main points of the Plea Agreement included his responsibility for 15 kilograms or more of a mixture or substance containing methamphetamine, fixing his base offense level at 38.   The transcript also shows that the defendant agreed that cooperating witnesses would testify about their dealings in methamphetamine with the defendant, and the amount would "exceed that amount in the Plea Agreement."  (Tr. 21:5-22:1).

Additionally, paragraph 41 of the Presentence Investigation Report, to which no objection has been made, avers that "Based on a review of the available information, the defendant is responsible for 12,270 grams of a mixture of methamphetamine, 234.6 grams of methamphetamine (actual), and 340.2 grams of cocaine. . . ."

Accordingly, I do find tentatively by the greater weight of the evidence that the defendant is responsible for 15 kilograms or more of methamphetamine and that the defendant's base offense level is 38.

As to the defendant's objection that:

> I would like to object to any inhancement [sic] it was my understand [sic] by pleading guilty, I was olny [sic] going to recieve [sic] 10 yr, and reading this report, it indacates [sic] I could recieve [sic] 235 to 293 months.  This is not acceptable."

The defendant may elaborate at the evidentiary hearing on the basis of his understanding that he was going to receive a 10 year sentence.   Examination and cross-examination will be permitted on the subject.

Objections may be made to these tentative findings at the time of the sentencing.  Evidence is sought by either the defendant or the government the requirement of paragraph 6 (d)

of the Order on Sentencing Schedule dated December 15, 2008, must be complied with on or before March 2, 2009.

The evidentiary hearing mentioned in this order will held at the time of the sentencing.

Dated February 24, 2009.

> BY THE COURT
>
> s/ Warren K. Urbom
> United States Senior District Judge